IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LARRY MARSHALL                                                                                        PLAINTIFF

VS.                                                            CIVIL ACTION NO. 3:20-cv-399-DPJ-FKB

MAX HUGHES TRUCKING COMPANY                                            DEFENDANTS
OF TROY, INC. AND RANDELL DAVIS

## COMPLAINT WITH DISCOVERY ATTACHED

**COMES NOW**, the Plaintiff, Larry Marshall, by and through his attorneys, and files this Complaint against the Defendants, Max Hughes Trucking Company of Troy, Inc. (hereinafter "Max Hughes Trucking") and Randell Davis, and in support of this suit, Plaintiff would show the following facts:

## PARTIES

1.

Plaintiff, Larry Marshall, is an adult resident citizen of Hinds County, Mississippi, whose address is 3996 Will O Run, Jackson, MS 39212.

2.

Defendant, Max Hughes Trucking Company of Troy, Inc., is an Alabama Company whose principal place of business is located at 135 Farmer Street, Troy, AL 36079.   Max Hughes Trucking may be served with process of this Court by service upon its registered agent for service of process, Robert C. Brown, 135 Farmer Street, Troy, AL 36079.

3.

Defendant, Randell Davis, is an adult resident citizen of the state of Alabama, whose residential address is 109 Briar Hill Way, Troy, AL 36079, where he may be served with process of this Court.

## JURISDICTION AND VENUE

4.

This civil action arises out of the negligent, gross negligent and reckless acts and omissions of Defendants committed in the State of Mississippi against a resident of the State of Mississippi.

5.

This Court has *in personam* jurisdiction over Defendants pursuant to Title 28 U.S.C. §1332 in that the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

6.

Venue is proper in the United States District for the Southern District of Mississippi, Northern Division, pursuant to Title 28 U.S.C. §1391, in that the subject motor vehicle accident occurred within said district.

# FACTS

7.

On or about June 19, 2019, in Mississippi, the Plaintiff was traveling eastbound on Interstate 20.   At the same time Defendant, Randell Davis, was traveling eastbound on Interstate 20 when he crashed into the vehicle of the

Plaintiff and caused him great physical pain and injuries and mental anguish.

8.

While responsible for the management and control of his vehicle, Randell Davis was careless, negligent, grossly negligent and reckless by crashing into the vehicle of the Plaintiff.

9.

At the above mentioned time and place, Randell Davis was employed by or was the agent of Max Hughes Trucking and was the driver of the truck involved in the collision on the date and at the time of the subject collision.

10.

At the above mentioned time and place, Randell Davis was the employee or agent of Max Hughes Trucking and was acting in the furtherance of the business of Max Hughes Trucking and within the scope of his employment or agency.

11.

Defendant, Max Hughes Trucking is liable for the negligent, gross negligent and reckless acts of its employee or agent, Randell Davis.

12.

**NEGLIGENCE AND GROSS NEGLIGENCE OF RANDELL DAVIS**

Disregarding his duty as a motorist, Randell Davis was guilty of one or more of the following:

    a.    Failure to operate said vehicle with due care and caution for the safety of Larry Marshall;

    b.    Failure to properly control his vehicle;

    c.    Failure to keep a proper look-out and be on the alert;

    d.    Driving at an unreasonable rate of speed;

    e.    Negligently and careless creating a hazardous condition;

    f.    Improperly entering into the lane of the Plaintiff;

    g.    And other negligent acts or omissions of the Defendant.

## NEGLIGENCE AND GROSS NEGLIGENCE
## OF MAX HUGHES TRUCKING COMPANY OF TROY, INC.

13.

Defendant Max Hughes Trucking, before and at the time of the collision herein, was guilty of intentional, willful, unlawful, reckless, and/or negligent acts and/or omissions which include but are not necessarily limited to the following:

    a,    Hiring and retaining Randell Davis;

    a.    Failing to properly train Randell Davis;

    b.    Failing to develop and maintain a fleet management program;

    c.    Violating state and federal laws and regulations as to the operation of commercial trucks;

    d.    Failing to develop, implement, and/or enforce reasonable and prudent safety policies for the protection and safety of the public;

    e.    Failing to adhere to and abide by federal and state laws and regulations in regard to the maximum number of driving hours and hours of work for drivers;

    f.    Failing to perform an adequate pre-employment background check before hiring Randell Davis;

    h.      Negligent entrustment of its commercial vehicle to Randell Davis; and

    I.      Other acts of negligence.

## DAMAGES

14.

As a direct and proximate result of the concurrent negligent and reckless acts of Defendants, Max Hughes Trucking and Randell Davis, Larry Marshall suffered severe injuries. Plaintiff is entitled to recover damages in an amount to be assessed by the jury, including but not limited to the following:

    a.      Past and future doctor, hospital, drug and medical bills;

    b.      Mental and emotional distress;

    c.      Past and future physical pain and suffering;

    d.      Past and future wage loss;

    e.      Any other relief which the Court or jury deems just or appropriate based upon the circumstances.

15.

The aforesaid acts and omissions of Defendants, Max Hughes Trucking and Randell Davis, constitute intentional, willful, unlawful, reckless conduct and wanton disregard for the rights of Plaintiff, and for other members of the public utilizing the highways and roads and/or constitute gross negligence and recklessness as to show a total lack of regard for the rights of Plaintiff and for other members of the

public utilizing the highways and roads which entitles Plaintiff to recover punitive and exemplary damages against all Defendants in an amount to be assessed by the Court and/or jury.

## RELIEF DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment of and from Defendants, Max Hughes Trucking and Randell Davis, jointly and severally as follows:

(a) Actual, compensatory and punitive damages;

(b) Pre-judgment and post-judgment interest, and all costs accrued in this action; and

(c) Any other relief which the Court or jury deems just and appropriate.

RESPECTFULLY SUBMITTED,

LARRY MARSHALL

BY: /s/ Taurean Buchanan
TAUREAN BUCHANAN, MSB #102712

OF COUNSEL:

TAUREAN BUCHANAN, MSB #102712
BUCHANAN LAW, PLLC
P. O. BOX 12274
JACKSON, MS 39236
(601) 918-4345
TBUCHANAN@BUCHANAN.LAW